**O**

# United States District Court
# Central District of California

DANIEL GARCIA,

Plaintiff,

v.

M.E. DEY & CO., INC. et al.,

Defendants.

Case № 2:26-cv-03316-ODW (ACCVx)

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE PUNITIVE DAMAGES CLAIMS [17]**

## I. INTRODUCTION

Plaintiff Daniel Garcia brings this action against Defendant M.E. Dey & Co., Inc. alleging disability discrimination, retaliation, failure to prevent discrimination and provide reasonable accommodation, and failure to engage in interactive process under California's Fair Employment and Housing Act ("FEHA"), and wrongful termination in violation of public policy. (Notice Removal Ex. 4 ("Compl.") Dkt. No. 1-4.) Defendant now moves to strike the punitive damages claims from Plaintiff's Complaint paragraphs 21, 28, 35, 46, 54, and Prayer paragraph 6 under Federal Rule of Civil Procedure ("Rule") 12(f). (Mot. Strike ("Motion" or "Mot."), Dkt. No. 17.) For the reasons discussed below, the Court **DENIES** Defendant's Motion.[1]

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

In March 2018, Defendant hired Plaintiff as an import specialist and later promoted him to import manager. (Compl. ¶ 6.) In June 2024, Plaintiff informed Defendant that he was having trouble performing his job duties. (*Id.* ¶ 7.) Plaintiff requested an accommodation, but Defendant ignored his request. (*Id.*)

Plaintiff's doctor then placed Plaintiff on medical leave. (*Id.* ¶ 9.) Defendant approved Plaintiff's leave through August 25, 2024. (*Id.*) In August 2024, Plaintiff's leave was extended to December 22, 2024. (*Id.* ¶ 10.)

In December 2024, Plaintiff's doctor cleared him to return to work. (*Id.* ¶ 11.) On or around December 20, 2024, Defendant terminated Plaintiff, claiming no position was available for him. (*Id.* ¶ 12.)

On February 13, 2026, Plaintiff initiated this action against Defendant alleging (1) disability discrimination in violation of the FEHA; (2) retaliation in violation of the FEHA; (3) failure to prevent discrimination, retaliation, and harassment in violation of the FEHA; (4) failure to provide reasonable accommodation in violation of the FEHA; (5) failure to engage in interactive process in violation of the FEHA; and (6) wrongful termination in violation of public policy. (*Id.* ¶¶ 15–61.) Defendant now moves to strike the punitive damages claims from the Complaint paragraphs 21, 28, 35, 46, 54, and Prayer paragraph 6 pursuant to Rule 12(f). (Mot. 3.)

## III. LEGAL STANDARD

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). The decision on whether to grant a motion to strike is at the court's discretion. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). In exercising its discretion, the court must view the pleadings in the light most favorable to the nonmoving party. *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

A motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation modified). The Ninth Circuit has cautioned against the use of a motion to strike as "an attempt to have certain portions of [the] complaint dismissed or to obtain summary judgment against [the plaintiff] as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

## IV. DISCUSSION

Plaintiff seeks punitive damages pursuant to California Civil Code section 3294. (Compl. ¶¶ 21, 28, 35, 46, 54, Prayer ¶ 6.) Defendant argues that the Court should strike Plaintiff's punitive damages claims because they are "conclusory" and do not establish the existence of malice, fraud, or oppression as required under section 3294. (Mot 4–7.)

Defendant does not contend that Plaintiff's punitive damages claims are "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous" as required for a motion to strike under Rule 12(f). *Whittlestone*, 618 F.3d at 973–74. And "[i]t is quite clear that none of the five categories covers" the punitive damages claims in Plaintiff's Complaint. *Id.* at 974. Defendant nevertheless argues that the Court should strike Plaintiff's punitive damages claims because such damages are not recoverable as a matter of law. (Mot 4–7.) But "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone*, 618 F.3d at 974–75. Thus, Defendant's Motion under Rule 12(f) is "really an attempt to have certain portions of [Plaintiff's] complaint dismissed or to obtain summary judgment against [Plaintiff] as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Id.* at 974. Accordingly, the Court **DENIES** Defendant's Motion on this basis.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Strike Punitive Damages Claims. (Dkt. No. 17.) Defendant shall respond to the Complaint on or before **August 13, 2026**.

**IT IS SO ORDERED.**

July 30, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**